UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| CORA ELIZABETH GLENN, ) | Case No. 09-40979-659 |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | **PUBLISHED** |

# O R D E R

The matter before the Court is Motion of Debtor to Convert to Chapter 13 and Trustee's Objection to Motion of Debtor to Convert to Chapter 13. A hearing on the matter was held on May 11, 2009, where both Debtor and Trustee appeared by counsel. Upon consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT**:

Debtor Cora Glenn (hereinafter "Debtor") filed a petition under Chapter 7 of the Bankruptcy Code on February 11, 2009. Her Schedules I and J showed that her monthly expenditures exceeded her monthly income by almost $3,000.00. On her Schedule B, she listed a one-quarter interest in a family trust which holds title to a 140-acre farm in Randolph County, IL possibly worth $300,000.00 and also holds $40,000.00 in a bank account. The trust contains a spendthrift clause, and the settlor of the trust is deceased.

Debtor filed Motion of Debtor to Convert to Chapter 13 (hereinafter "Motion to Convert") seeking to convert the case from Chapter 7 to Chapter 13 on April 3, 2009. In response, David A. Sosne, Chapter 7 Trustee (hereinafter "Chapter 7 Trustee"), filed Trustee's Objection to Motion of Debtor to Convert to Chapter 13 (hereinafter "Trustee's Objection") on April 7, 2009. Debtor filed Chapter 13 schedules on April 8, 2009, which showed monthly income of $1,370.00 and monthly expenditures of $1,423.34, leaving a monthly shortfall of $53.34.

Debtor argues that the Motion to Convert should be granted pursuant to 11 U.S.C. § 706(a) due to an "absolute right" to first-time conversion from Chapter 7 to Chapter 13. The Chapter 7

Trustee argues that Debtor, acting in bad faith, has improperly held open the family trust to impede administration of that asset as part of her bankruptcy estate. The Chapter 7 Trustee further argues that the negative monthly income disclosed by Schedules I and J demonstrates Debtor's ineligibility for Chapter 13 confirmation, and therefore Chapter 13 conversion.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 (2009) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (2009). Venue is proper in this District under 28 U.S.C. § 1409(a) (2009).

## CONCLUSIONS OF LAW

Section 706(a) of the Bankruptcy Code says in pertinent part, "The debtor may convert a case under this chapter to a case under chapter…13 of this title *at any time* if the case has not been converted under section 1112, 1307, or 1208 of this title." 11 U.S.C. § 706(a) (2009) (emphasis added). In some bankruptcy proceedings, the language "at any time" has been read to guarantee the granting of a debtor's conversion motion primarily because those courts have relied upon the language "absolute right" taken from the statute's legislative history. *See In re Young*, 269 B.R. 816, 821-22 (Bankr. W.D. Mo. 2001) (discussing cases that have employed this line of reasoning and conflated these ideas). As noted in *Young*, though, this is an erroneous reading of the Bankruptcy Code. The Supreme Court has instructed that when applying a statute, a court must begin with the plain language and should not proceed further if the meaning is clear. *Chevron v. Natural Res. Def. Council*, 467 U.S. 837, 842-43, 104 S. Ct. 2778, 2781, 81 L. Ed. 2d 694, 702-03 (1984). Or, as otherwise stated, "Where…the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030, 103 L. Ed. 2d 290, 298 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470,

485, 37 S. Ct. 192, 195, 61 L. Ed. 442, 452 (1917)). Thus, on its face, Section 706(a) unambiguously reserves for a debtor the right to move for conversion at any time during the bankruptcy process, but it does not provide for the automatic grant of the motion.

Additionally, the Federal Rules of Bankruptcy Procedure must be considered. Rules 1017(f)(2), 9013 and 2002(a)(4) require that for a motion for conversion from Chapter 7 to be filed, there must be notice to creditors and there must be a hearing prior to an order of conversion being entered. *In re Young*, 269 B.R. 816, 822 (Bankr. W.D. Mo. 2001), F%ED%. R. B%ANKR%. P. 1017(f)(2), 9013 and 2002(a)(4) (2009).

Having found that Section 706(a) entitles a debtor only to *move* for conversion at any time, the Court now assesses the substantive merits of Debtor's Motion to Convert. The Supreme Court recently reaffirmed that a court may deny a debtor's motion for conversion from Chapter 7 to Chapter 13 when the debtor has demonstrably acted in bad faith. *Marrama v. Citizens Bank*, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007). Here, the Chapter 7 Trustee has requested that this Court find that Debtor has acted in bad faith due to the alleged misfeasant administration of her family's trust. This Court declines to make such a determination, as the record does not reflect a "failure to disclose assets to the court" or "fraudulent misrepresentations." *Martin v. Cox*, 213 B.R. 571, 573 (Bankr. E.D. Ark. 1996). Debtor has provided all relevant information, and the issue raised by the Chapter 7 Trustee requires inquiry that is beyond the scope of the Motion to Convert.

The Chapter 7 Trustee's other argument is more compelling. In articulating requirements for the confirmation of a Chapter 13 Plan, Section 1325(a)(6) states that a court shall only confirm a plan if "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6) (2009). The record reflects that Debtor cannot satisfy this requirement, as her original Chapter 7 schedules show a monthly deficit of $2,957.34 and her Chapter 13 schedules show a monthly deficit of $53.34. Debtor's monthly income in her Chapter 13 schedules, already

revised upward, is exceeded by expenses that have already been revised downward, and it seems as though she cannot propose a confirmable Chapter 13 Plan. It should be noted that the increase in Debtor's income is a $500.00 contribution from family that was not present in Debtor's Chapter 7 Schedule I. The decrease in Debtor's expenses results from eliminating the expenses of a home mortgage, electricity and heating fuel, and water and sewer fees. Although the Court file reflects that relief from the automatic stay was granted regarding Debtor's real estate, complete elimination, and not reduction, of these expenses is noteworthy.

It is within this Court's power to deny conversion from Chapter 7 to Chapter 13 when a debtor's finances obviate a confirmable plan and render the conversion "an exercise in futility." *See In re Lilley*, 29 B.R. 442, 443 (1st Cir. B.A.P. 1983); *see also In re Pakuris*, 262 B.R. 330, 335-36 (Bankr. E.D. Pa. 2001) (holding that a court may consider debtor's ability to propose a confirmable plan when evaluating a conversion motion). An inescapable shortfall among Debtor's income and expenses indicates that conversion may be futile.

Quoting *Pakuris* and *In re Tardiff*, 145 B.R. 357 (Bankr. D. Me. 1992), the *Young* Court outlined that additional factors to consider include: (a) whether the conversion is sought in good faith; (b) the impact on the debtor of a denial weighed against the impact on creditors likely to accompany a granting of the motion; (c) the effect of conversion on an estate's efficient administration; and (d) whether conversion would "pervert" Congressional policy and abuse the bankruptcy process. *Young*, 269 B.R. at 825. The question of good faith has already been addressed. As Debtor's own revised Chapter 13 schedules indicate a persistent gap among expenses and income, conversion will not cure the problem, and it only will impede the most efficient administration of the estate, thereby unfairly trammeling creditors' rights. Those factors should not be ignored. Further, the apparent likelihood that Debtor cannot reasonably propose a confirmable Chapter 13 Plan invites invocation of Section 105(a), which provides that a court may make any determinations required to "prevent an abuse of the process." 11 U.S.C. § 105(a) (2009).

There is no absolute right to conversion from Chapter 7 to another chapter, a compelling reason to find that Debtor cannot meet the requirements of Chapter 13 confirmation, and a need to uphold the integrity of the bankruptcy process. Therefore,

**IT IS ORDERED THAT** Debtor's the Motion of Debtor to Convert to Chapter 13 is **DENIED**.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: August 3, 2009
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 63102

Neil Weintraub
1515 N. Warson, Ste. 232
St. Louis, MO 63132

Brian James LaFlamme
Summers Compton Wells PC
8909 Ladue Road
St. Louis, MO 63124

Cora Elizabeth Glenn
14 Bon Price Terrace
St Louis, MO 63132

David A. Sosne
Summers Compton Wells PC
8909 Ladue Rd.
St. Louis, MO 63124